E-Filed — **JS-6**

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-7601-GHK (MANx) | Date | November 12, 2013 |
|---|---|---|---|
| Title | *Strategic Acquisitions, Inc. v. Deborah Lamb, et al.* | | |

**Presiding: The Honorable**   **GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Order Remanding Case for Lack of Jurisdiction**

On October 25, 2013, we ordered Defendant to show cause why the above-captioned matter should not be remanded to state court for lack of subject matter jurisdiction. We noted that Defendant's Notice of Removal ("NOR") asserted that we have subject matter jurisdiction under 28 U.S.C. § 1331, based upon the presence of a federal question, but that a federal question appears to be lacking on the face of the complaint, as the complaint alleges only a claim for unlawful detainer under California law. We further noted that diversity jurisdiction appeared to be lacking because both the Defendant and Plaintiff are citizens of California. On November 1, 2013, Defendant timely filed a response to our OSC.

In her Response, Defendant argues that a federal question is present in this action because Plaintiff must address compliance with the Protecting Tenants at Foreclosure Act ("PTFA"), 12 U.S.C. § 5220, in its case-in-chief. As we explained in our OSC, however, the PTFA is a defense to an unlawful detainer action, and not a federal question that exists on the face of Plaintiff's complaint. *See* OSC at 1; *see also Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1169 (9th Cir. 2013) (affirming dismissal of lawsuit seeking injunctive relief under PTFA for failure to provide 90-day notice because the PTFA "was intended to provide a defense in state eviction proceedings rather than a basis for offensive suits in federal court."). Numerous federal courts, considering the same issue present here, have declined jurisdiction over unlawful detainer actions that defendants have attempted to remove based upon the PTFA. *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Thomere*, 2012 WL 6115880, at *2 (C.D. Cal. Dec. 7, 2012) ("[R]emoval jurisdiction is lacking, even though Defendants intend to assert a defense based on federal law–specifically 12 U.S.C. § 5220); *Deutsche Bank Nat'l Trust Co. v. Eaddy*, 2012 WL 4173987, at *1 (N.D. Cal. Sept. 18, 2012) ("The PTFA is intended to be used for protection in state court but does not create a private right of action or a basis for federal subject matter jurisdiction.").

The removing party bears the burden of establishing the existence of federal subject matter jurisdiction, and if there is any doubt as to whether removal is proper, remand is required. 28 U.S.C. § 1447(c); *Duncan v. Stuetzie*, 76 F.3d 1480, 1485 (9th Cir. 1996). Defendant has not established that we have jurisdiction over this action. Accordingly, this case is hereby **REMANDED** to the state court from which it was removed.

E-Filed — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7601-GHK (MANx) | Date | November 12, 2013 |
|---|---|---|---|
| Title | *Strategic Acquisitions, Inc. v. Deborah Lamb, et al.* | | |

**IT IS SO ORDERED.**

--     :     --

Initials of Deputy Clerk     Bea